**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2015[*]
Decided October 7, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-3042

| | |
|---|---|
| MAURICE JACKSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 12-cv-0233-MJR-SCW |
| | |
| MATTHEW HOFFMAN, *et al.*, | Michael J. Reagan, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Maurice Jackson, an inmate at the Menard Correctional Center in Illinois, brought this suit under 42 U.S.C. § 1983 alleging various constitutional violations after suffering a beating in prison. The district court granted summary judgment for the defendants, finding that Jackson failed to exhaust his administrative remedies before suing. Because the district court's findings are not clearly erroneous and exhaustion is a prerequisite to filing suit, we affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Jackson alleges that, after discovering him trying to commit suicide, more than a dozen officers severely beat him and denied him medical care. During the attack, he says, they punched him in the face, slammed his head into the wall, pushed him down onto the floor, and ripped off his clothes. Additionally, Jackson asserts that one officer created a noose from a torn sheet and wrapped it around Jackson's neck, another called him a "nigger" and "black monkey," and yet another rubbed his penis on Jackson's buttocks. After the incident, Jackson alleges, he did not receive medical treatment and instead was forced to spend three nights in segregation with only a urine-soaked mattress and no sheets or blankets. Then, when lower back pain necessitated a visit to a nurse, Jackson says the nurse simply laughed and sent him back to segregation for three more nights. Jackson avers that over the following weeks he repeatedly requested and was denied medical care.

As serious as these allegations are, a federal court cannot adjudicate them if, as the defendants assert, Jackson has not exhausted his available administrative remedies. See 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). Jackson attached to his complaint copies of several grievances that he contends he sent to various officials, who he says never responded. The defendants moved for summary judgment on the ground that Jackson had in fact not filed these grievances and thus had not exhausted. They furnished grievance logs and records of counseling sessions to show that during the relevant time frame they received grievances from other inmates but not Jackson, despite his successful filing of unrelated grievances on other dates. The defendants also pointed out omissions and inconsistencies in Jackson's assertions. First, none of the grievances attached to Jackson's complaint contained a counselor's response or any kind of "received" stamp. Second, at least one grievance was dated before the dates of the incidents described in the grievance itself.

The magistrate judge conducted two evidentiary hearings on the exhaustion defense. See *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Jackson testified that his grievances are unstamped because he made copies of them before he gave them to prison officials; if the right person never received his grievances, he surmised, the various prison officials to whom he sent the grievances must have conspired to destroy them. Jackson attempted to answer the criticism that one grievance was dated before the dates of incidents described within it. At his first hearing he said that he dated the grievance when he first started drafting it and then included incidents from later dates because he had not yet filed the form. At the second hearing he said that he "accidentally" had included the later incidents. The magistrate judge ruled that Jackson

had not exhausted. He considered Jackson's testimony not credible, relying instead on the defendants' records showing that Jackson had not filed any grievances during the relevant period. Jackson objected to the magistrate judge's report, but the district judge adopted the recommendation and granted summary judgment for the defendants.

On appeal Jackson maintains that he properly filed the grievances and insists that factual disputes must be resolved by a jury. But the district court, not a jury, must resolve the exhaustion issue at a *Pavey* hearing. See *Wagoner v. Lemmon*, 778 F.3d 586, 590–91 (7th Cir. 2015); *Pavey*, 544 F.3d at 741–42. And we review for clear error the district court's findings that Jackson's testimony was not credible and that he did not file his grievances. See FED. R. CIV. P. 52(a)(6); *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). The district court here faced two contradictory stories; it was not required to believe either one. Because the prison's grievance records showed no exhaustion, and Jackson's documents were unstamped and contained some discrepancies, it was acceptable for the court to credit the defendants' version of events over Jackson's. See *United States v. Rice*, 673 F.3d 537, 540 (7th Cir. 2012) (factual findings are not clearly erroneous when a district court "chooses between two permissible inferences from the evidence"); *United States v. Collins*, 604 F.3d 481, 486 (7th Cir. 2010) (same). The finding that Jackson had not exhausted his administrative remedies was therefore not clearly erroneous.

Accordingly, the judgment is AFFIRMED.